Bong v. Holder

BIA
Owens, IJ
A098 927 420

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of June, two thousand thirteen.

PRESENT:
 ROBERT A. KATZMANN,
 DEBRA ANN LIVINGSTON,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges.*

_____

CINDY TAMARA BONG,
  *Petitioner,*

  v.                                    12-1846
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:     David A. Bredlin, New York, N.Y.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant
                    Attorney General; William C. Peachy,
                    Assistant Director; Jonathan
                    Robbins, Trial Attorney, Office of
                    Immigration Litigation, United
                    States Department of Justice,
                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Cindy Tamara Bong, a native and citizen of Indonesia, seeks review of an April 13, 2012, order of the BIA affirming the May 10, 2010, decision of an Immigration Judge ("IJ"), which denied Bong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cindy Tamara Bong*, No. A098 927 420 (B.I.A. Apr. 13, 2012), *aff'g* No. A098 927 420 (Immig. Ct. N.Y.C. May 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Initially, we lack jurisdiction to review the agency's pretermission of Bong's asylum application as untimely because her assertion that there were changed conditions in Indonesia materially affecting her eligibility for asylum

2

"merely quarrels over the correctness of the [agency's] factual findings or justification for the discretionary choices" and does not raise a reviewable constitutional claim or a question of law. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006); *see* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). We likewise lack jurisdiction to review Bong's unexhausted claim for CAT relief. *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

Bong challenges the agency's denial of withholding of removal, contending that a 2002 church bombing and multiple thefts established past persecution on account of her Chinese ethnicity and Christian faith. Based on the record before it, the agency could properly determine that the deprivation of Bong's personal property was insufficiently severe to constitute persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341-42 (2d Cir. 2006); *Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412-13 (2d Cir. 2006). It could also rely on Bong's inability to demonstrate that the Indonesian government was unable or unwilling to control the perpetrator of the church bombing. *See Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008); *Pavlova v. INS*, 441 F.3d 82, 91 (2d Cir. 2006); *Matter of Acosta*, 19 I. & N.

3

Dec. 211, 222 (B.I.A. 1985). Bong does not challenge, and we therefore do not consider, the BIA's determination that she failed to establish a clear probability of future persecution by demonstrating that her fear of returning to Indonesia was objectively reasonable. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4